12-3748-cv
Silliman v. ING

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**


At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 22nd day of November, two thousand thirteen.

Present:     ROSEMARY S. POOLER,
             REENA RAGGI,
             RICHARD C. WESLEY,
                        *Circuit Judges*.

_____

MARSHALL FREIDUS AND EDWARD P. ZEMPRELLI, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,

                        *Plaintiffs*,

JOSEPH SILLIMAN,

                        *Movant-Appellant*,
                 -v-                                      12-3748-cv

ING GROEP, N.V., ING FINANCIAL HOLDINGS CORPORATION, ING FINANCIAL MARKETS LLC, UBS SECURITIES LLC, CITIGROUP GLOBAL MARKETS INC., MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED, WACHOVIA CAPITAL MARKETS, LLC, MORGAN STANLEY & CO. LLC, BANC OF AMERICA SECURITIES LLC, RBC CAPITAL MARKETS CORPORATION, CREDIT SUISSE SECURITIES (USA) LLC, HSBC SECURITIES (USA) INC., J.P. MORGAN SECURITIES INC., HUIB J. BLAISSE, ERIC F. BOYER DE LA GIRODAY, PAUL M.L. FRENTROP, ALEXANDER H.G. RINNOOY KAN, A.H.J. RISSEEUW, STICHTING ING AANDELEN, J. HANS VAN BARNEVELD, JAN J.M. VERAART, HANS K. VERKOREN, ELI P. LEENAARS, TOM REGTUIJT, MICHEL J. TILMANT, CEES MAAS,

                        *Defendants-Appellees*,

ABN AMRO INCORPORATED, A.G. EDWARDS & SONS, INC., WACHOVIA CORPORATION, ERNST & YOUNG LLP,

*Defendants.*

| | |
|---|---|
| Appearing for Appellant: | Jonathan K. Levine, Girard Gibbs LLP, San Francisco, CA (Daniel C. Girard, Amanda M. Steiner, *on the brief*). |
| Appearing for Appellees: | Jared M. Gerber, Cleary Gottlieb Steen & Hamilton LLP, New York, N.Y. (Mitchell A. Lowenthal, Lewis J. Liman, Boaz S. Morag, Anthony M. Shults, *on the brief*), *for the ING Defendants-Appellees*; Adam S. Hakki, Shearman & Sterling LLP, New York, N.Y. (Christopher R. Fenton, *on the brief*), *for the Underwriter Defendants-Appellees*. |

Appeal from the United States District Court for the Southern District of New York (Kaplan, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the orders of said District Court be and it hereby is **AFFIRMED**.

Movant-Appellant Joseph Silliman appeals from the August 16, 2012 and September 14, 2012 orders of the United States District Court for the Southern District of New York (Kaplan, *J.*), denying Silliman's request to be appointed lead plaintiff and motion to intervene. At issue in this appeal is whether the district court erred in finding the three-year statute of repose applicable to claims brought under the Securities Act barred Silliman's requests and motions. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

On June 27, 2013, after Silliman had timely filed his notice of appeal and while it was pending before this panel, this Court decided *Police and Fire Retirement Systems of the City of Detroit v. IndyMac MBS, Inc.*, 721 F.3d 95 (2d Cir. 2013). Our decision in that case forecloses Silliman's appeal here. In *IndyMac*, we explained first that tolling was not available under the statute of repose applicable to Silliman's claims. *Id.* at 109 ("[O]ur conclusion is straightforward: *American Pipe*'s tolling rule, whether grounded in equitable authority or on Rule 23 [of the Federal Rules of Civil Procedure], does not extend to the statute of repose in Section 13 [of the Securities Act].)". We further held that "the Rule 15(c) [of the Federal Rules of Civil Procedure] 'relation back' doctrine does not permit members of a putative class, who are not named parties, to intervene in the class action as named parties in order to revive claims that were dismissed from the class complaint for want of jurisdiction." *Id.* at 110. We are not persuaded that Silliman's claims are so distinct from those in *IndyMac* that a different result is compelled here.[1]

_____

[1]In supplemental briefing, Silliman raises the entirely new argument that under our decision in *NECA-IBEW Health and Welfare Fund v. Goldman Sachs & Co.*, 693 F.3d 145 (2d

We have considered the rest of Silliman's arguments and find them to be without merit. Accordingly, the orders of the district court hereby are AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

Cir. 2012), claims by plaintiffs Marshall Freidus and Ray Ragan conferred class standing, allowing Silliman now to succeed them as putative class representatives even if he would otherwise be barred by the statute of repose from pursuing his own claim independently. We do not entertain this argument because Silliman could have raised it in the district court, or certainly in his initial brief on appeal and failed to do so. *See McCarthy v. SEC*, 406 F.3d 179, 186 (2d Cir. 2005) (declining to address argument first raised in reply brief).